# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10036

(212) 223-0400

FAX: (212) 753-0396

www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889
———————

BARRY J. GLICKMAN
(212) 826-5327
bglickman@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

September 20, 2013

**BY ECF**

Judge Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10010

**Facsimile No.: (212) 805-7927**

### Alexander A. Benzemann v. Citibank, N.A., et al.
### Case No. 12-CV-9145(NRB)

Dear Judge Buchwald:

We are counsel to defendant Citibank, N.A. We write in compliance with this Court's Individual Rules of Practices 2(E)(1) to outline the substantive argument advanced in Citibank's motion to dismiss the complaint and to compel arbitration.

At all relevant times, plaintiff was a banking customer of Citibank. By opening an account at Citibank, plaintiff agreed to be bound by a customer agreement and, specifically, an arbitration clause. As discussed more fully below, that clause requires plaintiff to arbitrate "any claim or dispute" based upon "any theory of law" concerning accounts maintained by Citibank in his name.

By this action, plaintiff seeks wildly speculative damages resulting from Citibank's compliance with restraining notices served by defendant New Century Financial Services and its attorneys, defendants Todd E. Houslanger and Houslanger & Associates. These defendants specifically sought to restrain all accounts maintained under plaintiff's social security number. Thus, Citibank's restraint of plaintiff's accounts was in strict compliance with the specific instructions of the creditor and its attorneys. Plainly, the contractually broad arbitration clause readily encompasses all of the claims in plaintiff's complaint against Citibank. Accordingly, Citibank makes this motion to dismiss the complaint and respectfully requests the Court enforce the contract by compelling arbitration.

ZEICHNER ELLMAN & KRAUSE LLP

Judge Naomi Reice Buchwald
September 20, 2013
Page 2

By his complaint, plaintiff alleges fourteen causes of action for Violation of the Fair Debt Collection Practices Act, Fraud, Abuse of Process, Negligence, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Breach of UCC Article 4, Breach of the EFTA, Breach of Contract, Defamation, Tortious Interference With Contract, Breach of Fiduciary Duty, 42 U.S.C. § 1983, and Due Process. Despite these elaborate allegations, plaintiff's claim is premised upon Citibank's compliance with a restraining notice served by co-defendants New Century and its attorneys that specifically identified plaintiff's social security number. Citibank denies the allegations and will assert complete defenses at law in arbitration.

The governing account agreement includes a broad arbitration clause that provides as follows:

> **Disputes Covered by Arbitration**. Any claim or dispute relating to or arising out of your deposit, Ready Credit, Checking Plus or Checking Plus (variable rate) account, this Agreement, or our relationship will be subject to arbitration. All disputes are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek. Disputes include any unresolved claims concerning any services relating to such account, including, without limitation, safe deposit box services, wire transfer services, and use of a Citibank banking Card or Citibank Banking Card displaying the Master Card logo. Disputes include not only claims made directly by you, such as a joint account owner, account beneficiary, employee, representative, agent, predecessor or successor, heir, assignee, of trustee in bankruptcy. Disputes include claims based on any theory of law, contract, statute, regulation, tort  (including fraud or any intentional tort) or any other legal or equitable ground, and include claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise.   . . . Any questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

See Exhibit B to the Declaration of Aneta Singh ("Singh Decl."), p. 48.

ZEICHNER ELLMAN & KRAUSE LLP

Judge Naomi Reice Buchwald
September 20, 2013
Page 3


The United States Arbitration Act (the "FAA") and controlling case law require this Court to enforce these very broad arbitration agreements by compelling arbitration.   The Supreme Court has unambiguously upheld this provision. Shearson/American Express v. McMahon, 482 U.S. 220, 226-27, (1987); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220 (1985).   And, to the extent doubt exists concerning arbitrability, the Supreme Court has directed that any such doubt be resolved in favor of arbitration.  Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).  The Second Circuit also consistently enforces arbitration agreements and direct that there is a presumption of arbitration if an arbitration clause is broad. Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F. 3d 218, 223 (2d Cir. 2001) ("It is familiar law that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (1994) (Arbitration Act), expresses 'a liberal federal policy favoring arbitration agreements' and that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" (citing Moses H. Cone, supra, at 24-25)).

It is indisputable that this arbitration clause must, by its express terms, be classified as "broad" as that term is defined by the legal authority cited above and in Citibank's memorandum of law.   It requires that "[a]ny claim or dispute relating to or arising out of your deposit . . ." be submitted to arbitration and further specifies that "[a]ny questions about whether disputes are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced."  Singh Decl., Exhibit B, p. 48.

Accordingly, for all the reasons addressed in detail in the memorandum of law submitted in support of Citibank's motion, we respectfully submit that this Court should grant Citibank's motion in its entirety, compel plaintiff to arbitrate his alleged claims and dismiss the complaint as against Citibank.

Respectfully,

Barry J. Glickman